VERONICA VAUGHN

VERSUS

AAA INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-85224, DIV. B
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, James T. Genovese, and John E. Conery, Judges.

AFFIRMED.

Genovese, J., concurs in the result.

Conery, J., concurs in part, dissents in part, and assigns reasons.

Joseph Payne Williams, Sr.
Williams Family Law Firm, LLC
Post Office Box 15
Natchitoches, LA 71458-0015
(318) 352-6695
COUNSEL FOR PLAINTIFF/APPELLEE:
        Veronica Vaughn

**Tracy L. Oakley**
**Attorney at Law**
**Post Office Drawer 1867**
**Ruston, LA 71273-1867**
**(318) 255-4110**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Safeway Insurance Company of Louisiana**

**SAUNDERS, Judge.**

In this personal injury action, the plaintiff driver was in an automobile accident with an underinsured defendant. After having settled with the defendant driver's insurance company, the plaintiff driver brought this action against her own insurance company under her underinsured/uninsured motorist provisions of her policy.

The trial court rendered a judgment for the plaintiff driver against her insurance company for damages, penalties, and attorney's fees. The plaintiff driver's insurance company appeals that judgment. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

On March 16, 2011, Veronica Vaughn (Vaughn) was in a two-car accident with Edward Thomas (Thomas). Vaughn filed suit against Thomas, his insurer, AAA Insurance Company (AAA), and Safeway Insurance Company (Appellant) as her uninsured/underinsured motorist (UM) carrier. Vaughn settled with Thomas and AAA for $14,500.00 before a trial on the merits.

Vaughn and Appellant stipulated that Thomas was solely at fault for the accident, that Thomas' policy with AAA had a bodily injury limit of $15,000.00, that Vaughn had missed work at Wal-Mart from March 16, 2012, through June 11, 2012, that Vaughn was a full-time employee with an hourly pay rate of $11.00, and that Appellant had not tendered any sums under its UM coverage to Vaughn.

On July 22, 2013, trial was held on the matter. During trial, Vaughn introduced medical bills totaling $3,988.87 without objection. On August 29, 2013, the trial court issued written reasons and its judgment against Appellant awarding Vaughn $8503.35 in damages, $4,251.68 in statutory penalties, and $5,000.00 in attorney's fees, plus legal interest from the date of judgment until paid. Appellant appeals this judgment assigning three errors.

## ASSIGNMENTS OF ERROR:

1.    The trial court abused its discretion in awarding the plaintiff general damages of $14,000.00 for a two month soft tissue injury with no residual problems/symptoms/complaints.

2.    The trial court erred in the amount awarded the plaintiff for lost wages in this matter.

3.    The trial court erred in finding bad faith and awarding the plaintiff penalties and attorney's fees against Safeway Insurance Company of Louisiana in this matter.

## ASSIGNMENT OF ERROR NUMBER ONE:

Appellant contends in the first assignment of error that the trial court awarded excessive general damages in the amount of $14,000.00 for a two month soft tissue injury with no residual issues.  We find no merit to this contention.

> An appellate court's review general damage awards is to determine whether the trier of facts' exercise of discretion was valid rather than consideration of what it considers appropriate. *Cormier v. Republic Ins. Co.*, 11–632 (La.App. 3 Cir. 1/18/12) [118] So.3d [16]. "The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award." *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).

*Richard v. Artigue*, 11-1471, p. 13 (La.App. 3 Cir. 4/4/12), 87 So.3d 997, 1006.

Appellant's contention that the amount awarded by the trial court was excessive is based solely on the amount of time that Vaughn underwent medical treatment and had complaints.  However, after reviewing the record, it is clear that the trial court considered additional factors in reaching its award.  The trial court stated in its reasons for judgment, under the heading of general damages, the following:

> It appears that the defendant is seeking to have the Court determine the value of general damages in this case by a mechanical consideration of the length of the plaintiff's medical treatment and the amount of medical costs incurred by the plaintiff.  However, that is

2

not what the Court is mandated to do. This Court must consider all of the facts in each case and how those facts impact the particular plaintiff. Clearly, the length of medical treatment and the amount of medical costs are a part of that evaluation, but certainly not all.

Given the record before us, we find that the trial court did not abuse the discretion afforded to it in making this general damage award. The trial court found that Vaughn experienced an accident with a significant impact such that her vehicle was totaled, she had to be immobilized and wear a neck collar prior to being extracted from the vehicle's passenger door, and she had to be transported to an emergency vehicle via a spine board. Further, the trial court noted that it found both Vaughn and her mother to be credible witnesses and that Vaughn suffered both physical and mental pain due to the accident. While the extent of Vaughn's physical injuries may have been only "soft tissue injuries" as so described by Appellant, it is clear that the trial court found that both the physical and mental pain associated with those injuries was significant.

Accordingly, we find that the general damage award of $14,000.00 was not excessive. As such, we affirm the award.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In their second assignment of error, Appellants assert that the trial court erred in the amount awarded Vaughn for lost wages. We disagree.

> Special damages, which are those damages that can be established to a reasonable mathematical certainty, include awards for past and future lost earnings. *Myers v. Broussard*, 96-1634 (La.App. 3 Cir. 5/21/97), 696 So.2d 88. When a trier of fact assesses special damages, the discretion is more limited or narrower than the discretion to assess general damages. *Eddy v. Litton*, 586 So.2d 670 (La.App. 2 Cir.1991), *writ denied*, 590 So.2d 1203 (La.1992). The standard of review, however, is still that of abuse of discretion. *Wainwright v. Fontenot*, 00-492 (La.10/17/00), 774 So.2d 70.

> A plaintiff has the burden to prove that he or she sustained a loss of income. *Carter v. State Farm Mut. Auto. Ins. Co.*, 548 So.2d 53 (La.App. 3 Cir.1989). An award for lost past wages can be calculated as the amount a plaintiff would have in all likelihood

earned had he or she been able to work. *Taylor v. Premier Ins. Co. of Mass.*, 98-1934, 98-1935, (La.App. 3 Cir. 6/30/99), 742 So.2d 35.

*Cottle v. Conagra Poultry Co.*, 06-1160, p. 3 (La.App. 3 Cir. 3/14/07), 954 So.2d 255, 257-58.

The trial court found as fact that Vaughn could not have worked until June 11, 2012. It did so based on the testimony of Vaughn, her mother, and Dr. Marguerite B. Picou, Vaughn's treating physician. Further, the trial court relied heavily on Exhibit 1 according to Appellant. Appellant disputes the probative value of that exhibit.

Exhibit 1 is entitled Certificate to Return to School/Work. It indicates that Vaughn was under Dr. Picou's care from March 16, 2012, through June 5, 2012, and could return to work with no restrictions on June 5, 2012. It was signed on Dr. Picou's behalf by a member of Dr. Picou's staff and dated May 23, 2012. Appellant cites various points in Dr. Picou's deposition testimony that it asserts indicate that Dr. Picou did not give much credence to Exhibit 1. However, Dr. Picou testified that her office manager signed Exhibit 1 for her and that her office manager was authorized to do so. Further, Dr. Picou states near the end of her being questioned on Exhibit 1, "[m]aybe [Vaughn] had physical therapy scheduled after that. I don't have any idea why [her office manager] gave [Vaughn] until 6/5/12." Given these statements by Dr. Picou, we cannot say that the trial court erred in relying on Exhibit 1 as sufficient evidence to support a finding of fact that Vaughn could not return to work until at least June 5, 2012.

According to Vaughn's testimony, she did not return to work on June 5, 2012, because her employer made its employee's work schedule in advance, and it had already made its schedule without including her until the following week that

4

began on June 11, 2012. The trial court found Vaughn to be credible, and this finding is not in dispute.

As such, the trial court's findings are supported by evidence in the record. We, therefore, find no abuse of the discretion afforded the trial court in awarding lost wages and affirm its award.

**ASSIGNMENT OF ERROR NUMBER THREE:**

Appellant avers in its final assignment of error that the trial court erred in finding bad faith and awarding Vaughn penalties and attorney's fees against it. We find no merit to this assignment.

> Determining whether an insurer's refusal to settle a claim prior to going to trial was arbitrary and capricious is highly fact specific. For this reason, the findings of the trial court should not be overturned on appeal absent clear error. *Rogers v. Government Employees Ins. Co.*, 598 So.2d 670 (La.App. 3 Cir.), *writ denied*, 605 So.2d 1364 (La.1992).

*Robin v. Allstate Ins. Co.*, 03-926, 03-1009, p. 8 (La.App. 3 Cir. 3/24/04), 870 So.2d 402, 409, *writ denied*, 04-1383, (La. 9/24/04), 882 So.2d 1143.

Prior to trial on the matter, Appellant stipulated that Thomas' policy with AAA had a liability limit of $15,000.00 with no other insurance available to him for the accident. Further, Appellant stipulated that Thomas was solely liable for the accident. Additionally, Appellant stipulated that Vaughn was claiming medical expenses totaling nearly $4,000.00, lost wages totaling just over $5,500.00, and pain and suffering for nearly three months. Thus, Appellant had knowledge that its underinsured policy of insurance contract with Vaughn would in all likelihood make it responsible for at least some of the damages suffered by Vaughn.

Despite knowledge of the above, Appellant made no offer of tender in the case. Further, Appellant put forth no evidence or witnesses in an attempt to justify its failure to tender any offer. It merely relies on its counsel's argument that is

based on a strained interpretation of the evidence. As such, with the great discretion given to the trial court on such a highly fact-specific issue, we find no error by the trial court in awarding penalties and attorney's fees to Vaughn.

## ANSWER TO APPEAL:

Vaughn has requested additional attorney's fees for work performed on appeal. We grant this request.

Attorney's fees awarded for work done on appeal are warranted when they are awarded below. This is such in order to keep the judgment of the two courts consistent. *Chavis v. Dillard's, Inc.*, 11-827 (La.App. 3 Cir. 12/21/11), 80 So.3d 1194 (citing *McFadden v. Import One, Inc.*, 10-952 (La.App. 3 Cir. 2/9/11), 56 So.3d 1212).

Here, Vaughn successfully defended her judgment from three issues raised by Appellant. Given the level of complexity of the issues raised in those three assignments of error, we award Vaughn $3,000.00 in attorney's fees for work done on appeal.

## CONCLUSION:

Safeway Insurance Company raises three assignments of error. We find no merit in any of the assignments raised. The judgment of the trial court is affirmed.

Veronica Vaughn requests additional attorney's fees for work done on this appeal. We grant this request and award her $3,000.00 for work done on appeal. Costs of this appeal are assessed to Safeway Insurance Company.

**AFFIRMED.**

NUMBER 14-106

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERONICA VAUGHN

VERSUS

AAA INSURANCE, CO., ET AL.

**CONERY, J., concurs in part, dissents in part, and assigns reasons.**

I concur with the majority's decision to affirm the trial court's judgment as to general damages and lost wages. However, I respectfully dissent from its decision to affirm the trial court's grant of penalties and attorney fees and to award additional attorney fees for work done on appeal.

As the majority correctly states, this court has previously held, "Determining whether an insurer's refusal to settle a claim prior to going to trial was arbitrary and capricious is highly fact specific. For this reason, the findings of the trial court should not be overturned on appeal absent clear error." *Robin v. Allstate Ins. Co.*, 03-1009, p. 8 (La.App. 3 Cir. 3/24/04), 870 So.2d 402, 409, *writ denied*, 04-1383 (La. 9/24/04), 882 So.2d 1143. While great deference is afforded to the trial court because of the highly fact specific nature of the issue, the specific facts of this case do not warrant a grant of penalties and attorney fees. The trial judge was clearly wrong and the judgment on this particular issue should be reversed.

In the present case, a review of the record demonstrates that prior to trial, Safeway was not presented with sufficient facts to justify a further payment. The trial court relied on Exhibit "1" which provided that the plaintiff had been under Dr. Picou's care from 3/16/12 to 6/5/12 and could return to school/work on 6/5/12.

The trial court determined that the "facts" contained in Exhibit "1" demonstrated notice adequate to provide satisfactory proof of loss. However, Exhibit "1" is not fact specific and does not set forth proof of what the plaintiff's actual damages were and the extent of those damages. Thus, the plaintiff did not adequately establish satisfactory proof of loss at the time the claim was first presented and reviewed by Safeway. The plaintiff's own treating physician, Dr. Picou, testified that the only objective finding at the plaintiff's first visit was that the plaintiff had some muscle tightness. In addition, the plaintiff discontinued physical therapy on her own, had no permanent injuries or disability, had been pain free since she completed therapy on May 5, 2012, did not miss any events or give up any hobbies, and had no problems once she returned to work.

"Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action." *Reed v. State Farm Mut. Auto. Ins. Co.*, 03-0107, p. 14 (La. 10/21/03), 857 So.2d 1012, 1021. Our supreme court further stated in *Reed*, "Especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist." *Id.* Bad faith cannot be inferred from the facts known to Safeway at the time proof of loss was submitted due to the reasonable and legitimate questions as to the nature and extent of the plaintiff's damages. The trial court was clearly wrong in awarding penalties and attorney fees based on its conclusion that Safeway was in bad faith. *Reed*, 857 So.2d 1012. I would reverse the award of penalties and attorney fees and, consequently, deny an award for additional attorney fees for work done on appeal.

2